UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KASEY KLAAS, Plaintiff, | ) | |
| v. | ) | Case No. 24 C 13054 |
| CHARLES A. BOLLMAN, Defendant. | ) | Judge John Robert Blakey |

**MOTION FOR REASSIGNMENT BASED ON RELATEDNESS**

Kasey Klaas, through his attorneys, Polales Horton & Leonardi LLP and The Peacock Law Group, moves pursuant to Local Rule 40.4 for an order reassigning the above, higher-numbered case based on relatedness and in support states:

1. Kasey Klaas has a money judgment against Brock Flagstad, currently totaling $922,914.18 plus accruing interest, stemming from a judgment obtained in the Circuit Court of Cook County, Illinois on October 17, 2024.

2. Klaas filed *Klaas v. Bollman*, Case No. 24 C 13054 (the lower-numbered case, hereafter referred to as "*Bollman I*"), as a fraudulent transfer action against Charles Bollman, based on the transfer of a residence in Sea Island, Georgia (the "Sea Island Property") from Flagstad to Bollman while the former was in state court fending off Klaas's attempts to recover a judgment against him. Klaas eventually obtained an Illinois state court money judgment against Flagstad for about $812,000, which when registered in this Court has grown (with accruing judgment interest) to just under $923,000.

3. Klaas filed *Klaas v. Flagstad,* Case No. 26 C 4640 (the higher-numbered case, hereafter referred to as *"Bollman II")*, to register for enforcement the state court money judgment against Flagstad. The Clerk of Court issued a citation to discover assets directed to Charles Bollman, and Bollman's counsel has accepted service of the citation and filed an appearance in *Bollman II*. Dkt. 8 (*Bollman II).*

4. The principal issue in *Bollman I* is whether Klaas, as the creditor of the transferor (Flagstad), or Bollman, as the alleged fraudulent transferee, has the superior, equitable interest in the Sea Island Property. Judge Blakey has taken under advisement the parties' fully briefed cross motions for summary judgment.

5. Bollman is marketing and seeking to liquidate the Sea Island Property. Klaas has numerous reservations and concerns as to the propriety of Bollman's efforts to market and sell the property. To protect his equitable interest in the Sea Island Property, Klaas anticipates seeking an order from the District Court, governing the marketing and sale of the Sea Island Property. So, in addition to ruling on the fraudulent transfer issues in *Bollman I*, Klaas will ask the District Court to enter orders governing the sale.

6. Under the Illinois Uniform Fraudulent Transfer Act (IUFTA), governing *Bollman I*, the Court is authorized, "subject to applicable principles of equity and . . . applicable rules of civil procedure," to issue, "an injunction against further disposition by the debtor or a transferee, or both, of the asset transferred or of other property; (B) appointment of a receiver to take charge of the asset transferred or of other property of the transferee; or (C) any other relief the circumstances may require."

740 ILCS 160/8(a)(3).

7. The object of *Bollman II* is to strengthen Klaas's equitable remedies regarding the disposition of the Sea Island Property and its proceeds. *Kauk v. Matthews*, 100 Ill. App. 3d 107, 112, 55 Ill. Dec. 406, 410, 426 N.E.2d 552, 556 (1981) (remedies in supplementary proceedings "essentially equitable in character").

8. Within the context of supplementary proceedings, explicit statutory authority and procedures exist allowing the District Court to "order the sale of such property by the debtor, third party respondent, or by a selling agent other than the sheriff upon such terms as are just and equitable" 735 ILCS § 2-1402(e). Those procedures can be applied to liquidate and dispose of the equitable interests in the Sea Island Property, as well as prioritize the claims of competing creditors (principally Klaas and Bollman as well as the mortgagee of the Sea Island Property).

9. *Bollman I* and *Bollman II* both involve the resolution of who, as between Klaas and Bollman, has a superior equitable interest in the Sea Island Property and its proceeds, and both cases principally involve those same two parties. In *Bollman I*, Bollman is the defendant, seeking to validate the transfer of the home as non-fraudulent and his good title. In *Bollman II*, as a third-party citation respondent, Bollman is the principal "defendant" of the registration action.[1] Any resolution of

[1] *Midwest Commer. Funding, LLC v. Kelly (Williams)*, 2023 IL 128260, ¶ 25, 466 Ill. Dec. 709, 716, 217 N.E.3d 985, 992 (citation to discover assets "akin to a summons, commanding the citation respondent to appear in the proceedings"); *Textile Banking Co. v. Rentschler*, 657 F.2d 844, 851 (7th Cir. 1981) (same). *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 630 (7th Cir. 2013) ("third-party citation respondent in Illinois has all of the qualities traditionally associated with a defendant").

*Bollman I* will therefore affect adjudication of the issues pending in *Bollman II*.

10. Because the two cases involve the same parties and the same issues of fact and law, the cases are related. In addition, the criteria set forth in Local Rule 40.4(b) have been met, namely: (A) both cases are pending; (B) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort; (C) the earlier case, *Bollman I*, has not progressed to the point where designating a later filed case (*Bollman II)* as related would be likely to delay the proceedings in the earlier case substantially; and (D) the cases are susceptible of disposition in a single proceeding.

11. Klaas will file the instant motion in *Bollman I* and file the motion as an exhibit to a notice of filing in *Bollman II* per the Local Rule.

WHEREFORE, the Movant requests that *Bollman II* be reassigned to Judge Blakey.

Respectfully submitted,

KASEY KLAAS

By: s/ Joseph A. Stewart

Timothy E. Horton
POLALES HORTON & LEONARDI
53 W. Jackson Blvd.
Suite 1325
Chicago, IL 60604
(312) 598-2522
thorton@polaleshorton.com

Joseph A. Stewart
THE PEACOCK LAW GROUP
33 North Dearborn Street
Suite 900
Chicago, Illinois 60602
(312) 741-1070
joseph.stewart@thepeacocklawgroup.com